UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

BRYNDON WEATHERSBY,

    Plaintiff,                                       Civil Action No. 11-CV-15228

v.                                                HON. BERNARD A. FRIEDMAN

ROBERT PICKELL,

    Defendant.
_____/

## **OPINION AND ORDER OF DISMISSAL**

This matter is presently before the court on the court's own review of the complaint. Plaintiff, an inmate at the Genesee County Jail in Flint, Michigan, has been granted leave to proceed *in forma pauperis*. Plaintiff alleges that the defendant, Robert Pickell, the Genesee County Sheriff, has failed to provide him with sufficient access to a law library and other legal materials to allow him to properly grieve the unconstitutional conditions within the institution.[1] He alleges a violation of his right of access to the courts under the First Amendment. Plaintiff asks that the court order defendant to provide him with the necessary materials to allow him to exercise that right. Having reviewed the complaint, the court dismisses it pursuant to 28 U.S.C. §§ 1915(e)(2)(B) and 1915A(b)(1) for failure to state a claim upon which relief may be granted.

By statute, the court is required to *sua sponte* dismiss an *in forma pauperis* complaint before service on a defendant if it determines that the action is frivolous or malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief against a defendant who is immune from such relief. *See* 42 U.S.C. § 1997e©; 28 U.S.C. § 1915(e)(2)(B); 28 U.S.C. § 1915A.

---

[1] Plaintiff appears to name other inmates as parties to this action: James Collins, Lemont Hopkins, and Michael Rad.

To state a claim under 42 U.S.C. § 1983, plaintiff must allege that (1) he was deprived of a right, privilege, or immunity secured by the federal Constitution or laws of the United States; and (2) the deprivation was caused by a person acting under color of state law. *See Flagg Bros. v. Brooks*, 436 U.S. 149, 155-57 (1978); *Harris v. Circleville*, 583 F.3d 356, 364 (6th Cir. 2009).

In the present case, plaintiff asserts that defendant has failed to provide him with access to a law library and legal materials, in violation of his right of access to the courts. The "statement of facts" section of the complaint alleges in its entirety as follows:

> Being pretrial detainees incarcerated awaiting trial we are protected and constituted [sic] to have meaningful access to the courts through a law library and/or legal material in a confined facility.
>
> Currently in the Genesee County Jail Sheriff Pickell has no law library or no access for inmates to obtain[] or be provided with legal materials to aid us in the courts and with other infractions of unconstitutional conditions of confinement.

In the "statement of claims" section of the complaint, plaintiff alleges:

> Not having access to legal material inmates can't research instant case to properly redress wrongful and illegal procedures and methods within the court system. Also no such access [sic] inmates are unable to bring forth and properly grieve the unconstitutional conditions within the institution.

For relief, plaintiff asks that the court require the sheriff to "provide us pretrial detainees/inmates with access to a law library or legal material inside the Genesee County Jail that was once provided in the facility."

On January 9, 2012, the court issued a order to show cause why the complaint should not be dismissed because the court found that the complaint did not allege sufficient facts to state a claim for denial of the right of access to the courts. Plaintiff did not assert that he had suffered any

2

prejudice, i.e., that his position in any legal proceeding had been compromised by the alleged lack of a law library at the jail. Nor did he identify the "wrongful and illegal procedures and methods within the court system" or "the unconstitutional conditions within the institution" which he sought to challenge. *See* Order to Show Cause, Jan. 9, 2012 [docket entry 6].

On January 18, 2012, plaintiff filed a response to the court's order. In his response, plaintiff states that he has been going through state-court proceedings for the last two years, alleging that "the withholding of evidence [is] impeding his federal sentence." He claims to have filed a "mandatory injunction" in the federal court, which was denied because of lack of jurisdiction. Plaintiff also states that because of the lack of access to a law library and court materials, he has been unable to respond. However, plaintiff does not submit any documentation to support his position and the court is unable to locate such a document or documents in its records. Plaintiff also claims that because the Genesee County Jail is denying him access to the courts, he is unable to grieve the conditions of his confinement, i.e., lack of maintenance in the jail and failure to properly clean the ventilation system.

Prisoners, including indigent prisoners, have a constitutional right of access to the courts. *See Bounds v. Smith*, 430 U.S. 817, 821-25 (1977). This right of access requires authorities to provide either the legal tools necessary for inmates to represent themselves, e.g., a state-provided law library or the assistance of legally-trained personnel. *See Holt v. Pitts*, 702 F.2d 639, 640 (6th Cir. 1983) (citations omitted). A prisoner's right of access to the courts is limited to direct criminal appeals, habeas-corpus applications, and civil rights claims challenging the conditions of confinement. *See Lewis v. Casey*, 518 U.S. 343, 355 (1996); *Thaddeus-X v. Blatter*, 175 F.3d 378, 391 (6th Cir. 1999).

3

To establish a §1983 claim concerning a denial of access to the courts, a plaintiff must make some showing of prejudice or actual injury as a result of the challenged conduct. *Lewis*, 518 U.S. at 351. This can be established by showing that the deprivation resulted in "the late filing of a court document or the dismissal of an otherwise meritorious claim." *Pilgrim v. Littlefield*, 92 F.3d 413, 416 (6th Cir. 1996). Additionally, plaintiff must show that the alleged deprivation was the result of intentional conduct to state such a claim. *See Sims v. Landrum*, 170 F. App'x 954, 957 (6th Cir. 2006); *Wojnicz v. Davis*, 80 F. App'x 382, 384 (6th Cir. 2003).

In this case, plaintiff has not alleged sufficient facts to state a claim for denial of his right of access to the courts. He neither alleges nor establishes prejudice. Nor has he set forth facts indicating that defendant's conduct was intentional. The court concludes that plaintiff has failed to state a claim upon which relief may be granted under 42 U.S.C. § 1983. Accordingly,

IT IS ORDERED that the complaint is dismissed.

IT IS FURTHER ORDERED that an appeal in this matter would be frivolous and cannot be taken in good faith.

Dated: May 3, 2012  
     Detroit, Michigan

S/Bernard A. Friedman  
BERNARD A. FRIEDMAN  
SENIOR UNITED STATES DISTRICT JUDGE

4